Flavio Escobedo GOMEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–70220.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

Walter Rafael Pineda, Esq., Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Larry P. Cote, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Flavio Escobedo Gomez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' denial of his motion to reopen removal proceedings pursuant to 8 C.F.R. § 1003.2. He contends that the Board erred in concluding that his new evidence concerning his

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

mother was insufficient to meet the hardship requirement for cancellation of removal. We deny the petition for review.

■ Respondent contends that pursuant to 8 U.S.C. § 1252(a)(2)(B)(i) we lack jurisdiction to review the Board's decision denying the motion to reopen on the basis of a discretionary hardship determination. *See Fernandez v. Gonzales,* 439 F.3d 592, 601 (9th Cir.2006). Escobedo contends that his new evidence addressed a hardship ground so distinct from that considered previously as to make the motion to reopen a request for new relief. *See id.* at 602–03. At his removal hearing, Escobedo submitted evidence that he assisted his mother by taking her to medical appointments for her diabetes and other conditions and that his brother provided financial support. Escobedo's new evidence, attached to his motion to reopen, showed that his mother now lives with him, and he provides her with financial support.

■ Insofar as Escobedo's motion to reopen amounted to a request for new relief, we have jurisdiction to consider whether the Board abused its discretion by failing to consider the new information he submitted. *See id.* at 602. The Board's decision shows that it considered Escobedo's new evidence. We therefore deny the petition.

**PETITION FOR REVIEW DENIED.**