**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARICELA M. FERNANDEZ, DANELIA
FERNANDEZ COVARRUBIAS,
                            *Petitioners,*

                v.

ALBERTO R. GONZALES, Attorney
General,
                            *Respondent.*

No. 02-72733

Agency Nos.
A75-481-628
A75-481-629

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
September 13, 2005—San Francisco, California

Filed March 2, 2006

Before: Betty B. Fletcher, John R. Gibson,* and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Berzon

---

*The Honorable John R. Gibson, Senior United States Circuit Judge for
the Eighth Circuit, sitting by designation.

## COUNSEL

Jonathan Sanders, Simpson Thacher & Bartlett LLP, Palo Alto, California, for the petitioners.

Shelley R. Goad, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

BERZON, Circuit Judge:

Petitioner[1] Maricela Fernandez came to the United States without inspection in 1985. She has two American citizen daughters, Stacey, age 15, and Amy, age 12. The record indicates that Fernandez's husband, whom she married in Mexico in 1974, is a lawful permanent resident. At her removal hearing in 1998, Fernandez applied for cancellation of removal based on her qualifying relative children. The immigration judge (IJ) denied the application after determining that Fernandez had not shown that the children would be subject to

---

[1]Shortly after this petition for review was filed, the court ordered Fernandez's adult daughter Danelia Fernandez Covarrubias, who was part of the proceedings below, to file her own petition, which she did not. At oral argument, pro bono counsel for petitioners informed us that Covarrubias wishes to withdraw from this petition. We now formally dismiss Covarrubias as a party.

exceptional and extremely unusual hardship if Fernandez were removed. *See* 8 U.S.C. § 1229b(b)(1)(D).

On appeal, the Board of Immigration Appeals ("BIA"), applying its streamlining regulation, summarily affirmed without opinion the results of the IJ's decision. *See* 8 C.F.R. § 1003.1(e)(4). Fernandez filed a timely motion to reopen, attaching "additional evidence of hardship, loss of educational opportunities, and loss of acculturation since the time of the[ ] merits hearing over four years ago." The BIA denied the motion as "insufficient to show prima facie eligibility for cancellation of removal." Fernandez thereupon filed a timely petition for review of the BIA's decision.

We are asked to decide the extent of our jurisdiction over the petition for review, in light of the jurisdictional bar to review of "any [discretionary] judgment regarding the granting of [cancellation of removal]" contained in 8 U.S.C. § 1252(a)(2)(B)(i).

## BACKGROUND

Fernandez testified at her removal hearing that her children would accompany her back to Mexico if she is removed. Stacey also testified, stating that she did not want to go to Mexico. The IJ's decision denying relief commented that "we're dealing with two minor children, ages seven and four. Stac[e]y appeared and it is very obvious that bilingual education has not made her fluent in English, nor has it produced results that show concepts in either Spanish or English . . . ." The IJ noted that Fernandez's husband had work authorization in the United States and stated that "at no time does [Fernandez] have to take either [child] to any country if she chooses not to, since they have a home." The IJ added that "[e]xtended family members all live in Mexico," drawing on Fernandez's testimony about her seven siblings and mother. Although Fernandez "has health insurance which allegedly covers the whole family," the IJ noted, she "related . . . an average result

if, in fact, the children would have to leave the United States and would accompany her. However, she has ample family, specifically a spouse who works and who could take care of the two United States citizen children presumably."

The additional evidence included with the motion to reopen at issue focused on "four additional years of hardship" resulting from the children's education and acculturation since the removal hearing. The additional evidence was generally cumulative with that presented at the removal hearing. Some was new, however, particularly a letter from Fernandez's husband — who did not submit evidence to the IJ — which mentions their three American citizen grandchildren. This letter states that, without Fernandez, "we will lose our home that we worked so hard to get for our children. My daughters will lose a good mother. I will not be able to provide a healthy family environment for my two youngest." The evidence submitted also includes school records for Fernandez's two children, as well as supporting affidavits from friends, Fernandez's pastor, and Stacey.

In denying the motion to reopen, the BIA first explained the legal standards it was applying:

> A motion to reopen under 8 C.F.R. § 3.2(c) will not be granted unless the movant establishes a prima facie case of eligibility for the underlying relief sought. *See INS v. Abudu*, 485 U.S. 94 (1988). As a general rule, moreover, we will reopen removal proceedings on the basis of new evidence only "where the new facts alleged, when coupled with the facts already of record, satisfy us that it would be worthwhile to develop the issues further at a plenary hearing on reopening." . . . The new evidence submitted by the respondents in connection with their motion to reopen does not satisfy these standards.

The Board then stated:

We have no doubt that the respondents' removal from the United States will be highly disruptive to the lives of their families, yet there is simply nothing in the record or the motion to reopen which persuades us that these relatives will suffer hardship that is substantially different from, or beyond, that which would normally be expected to result from the removal of aliens with close family members in the United States. Although the motion demonstrates that the respondents have qualifying relatives . . . this fact alone is insufficient to show prima facie eligibility for cancellation of removal. In addition, there must be some indication that the relatives will suffer hardship in connection with the respondents' removal that is so excessive and uncommon as to be "exceptional and extremely unusual." While the motion to reopen demonstrates that the respondents' removal would be an occasion of sorrow and great inconvenience for those left behind, that is commonly the case. It is not "exceptional and extremely unusual."

## DISCUSSION

## I. Jurisdiction

## A.   General Principles

**[1]** 8 U.S.C. § 1252(a)(2)(B)(i) states in relevant part: "Notwithstanding any other provision of law (statutory or nonstatutory), . . . except as provided in subparagraph (D) . . . no court shall have jurisdiction to review — (i) any judgment regarding the granting of relief under section 212(h), 212(i), 240A, 240B, or 245 [8 U.S.C. §§ 1182(h), 1182(i), 1229b, 1229c, or 1255]." Cancellation of removal is relief granted under the Immigration and Nationality Act's section 240A.

**[2]** Section 1252(a)(2)(B)(i) "eliminates jurisdiction only over decisions by the BIA that involve the exercise of discre-

tion. . . . [W]e retain jurisdiction over the BIA's determination of . . . purely legal and hence non-discretionary question[s] . . . ." *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir. 2002). A hardship determination is ordinarily discretionary, and therefore unreviewable under § 1252(a)(2)(B)(i) in petitions for review of direct appeals to the BIA, unless the petition raises a cognizable legal or constitutional question concerning that determination. We so held in *Romero-Torres v. Ashcroft*, 327 F.3d 887 (9th Cir. 2003), stating that we lack jurisdiction "to review the BIA's discretionary determination that an alien failed to satisfy the 'exceptional and extremely unusual hardship' requirement for cancellation of removal." *Id.* at 892; *see also Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005) (reiterating after the REAL ID Act, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005), that "we lack jurisdiction to review the IJ's subjective, discretionary determination that Martinez-Rosas did not demonstrate 'exceptional and extremely unusual hardship' under 8 U.S.C. § 1229b(b)(1)(D)"). The case before us involves the denial of a motion to reopen, however, not a BIA decision on direct appeal from an IJ, and therefore presents a distinct question.

Our most detailed analysis of § 1252(a)(2)(B)(i)'s effect on our jurisdiction to review motions to reopen that implicate discretionary determinations appears in *Medina-Morales v. Ashcroft*, 371 F.3d 520 (9th Cir. 2004). In that case, the petitioner withdrew his application for adjustment of status before the IJ, because his stepfather failed to appear at the removal hearing. He subsequently filed a motion to reopen with the IJ, accompanied by an affidavit from his stepfather explaining why he had not attended the hearing. *Medina-Morales* stated:

> [W]e conclude that § 1252(a)(2)(B)(i) does not withdraw our jurisdiction to review the BIA's denial of Medina-Morales' motion to reopen. *Because Medina-Morales abandoned his petition for adjustment of status and instead accepted voluntary departure, the IJ never ruled on Medina-Morales'*

*adjustment of status petition but instead granted his request for voluntary departure. Medina-Morales does not, therefore, appeal the denial of an adjustment of status application under § 1255 or a denial of voluntary departure under § 1229c. See Zazueta-Carrillo v. Ashcroft*, 322 F.3d 1166, 1169 (9th Cir. 2003) (rejecting the government's argument that the denial of an alien's motion to reopen "involve[d] a 'judgment regarding the granting' of voluntary departure" within the meaning of § 1252(a)(2)(B)(i), where the alien had been granted voluntary departure). Rather, Medina-Morales' appeal "involves a decision regarding the denial of a motion to reopen," *Zazueta-Carrillo*, 322 F.3d at 1169-70.

The denial of Medina-Morales' motion to reopen is a decision under 8 U.S.C. § 1182(a)(6)(A)(i), the provision relied upon by the INS as the basis for his removability. *See Rodriguez-Lariz* [*v. INS*, 282 F.3d 1218, 1223 (9th Cir. 2002)]. The BIA's decision is not, therefore, a judgment "regarding the granting of relief under" 8 U.S.C. §§ 1182(h), 1182(i), 1229b, 1229c or 1255, the provisions listed in § 1252(a)(2) (B)(i). We hold, accordingly, that § 1252(a)(2)(B)(i) does not preclude our review of the discretionary aspects of the BIA's denial of Medina-Morales' motion to reopen.

371 F.3d at 527 (emphasis added; footnotes omitted).

Fernandez contends that *Medina-Morales* rested, as had *Arrozal v. INS*, 159 F.3d 429 (9th Cir. 1998), a case decided under the Illegal Immigration Reform and Immigrant Responsibility Act's ("IIRIRA")[2] transitional rules, on the principle that the denial of a motion to reopen is *always* a decision made pursuant to the ground of removability applicable to an

---

[2]Pub. L. No. 104-208, 110 Stat. 3009 (1996).

alien, not a decision regarding the granting of the underlying relief sought. Here, as in *Medina-Morales*, Fernandez's Notice to Appear was issued pursuant to INA section 212(a)(6)(A)(i), which is not covered by the jurisdiction-stripping provision of § 1252(a)(2)(B)(i). Pursuant to this line of reasoning, we would have jurisdiction to review the BIA's prima facie case determination concerning Fernandez's hardship showing, because it was not a decision regarding the granting of cancellation of removal under section 240A.

In *Medina-Morales*, however, we did not conduct a mechanical inquiry into the statutory ground of removability. Instead, we asked whether the denial of the motion to reopen "was a judgment regarding the granting of relief" under an enumerated provision in § 1252(a)(2)(B)(i). 371 F.3d at 526. As there had been *no* previous denial of an adjustment of status application and Medina-Morales was not seeking reopening with regard to voluntary departure, the denial of his motion to reopen was not a "judgment" regarding the granting of either form of relief. *Id.* at 527. Had it been, *Medina-Morales* stated clearly that "we [would be] without jurisdiction to review the discretionary aspects of the BIA's decision." *Id.* Instead, the decision at issue in *Medina-Morales* was a decision that the BIA would not exercise its discretion to reopen the proceedings to consider on the merits a ground for relief never considered before, and on which there had consequently been no "judgment" made. *Id.* at 524-25.

*Medina-Morales*'s transitional rules predecessor, *Arrozal*, is distinct from Fernandez's case for similar reasons. Arrozal sought "reopening so that she can request suspension of deportation under § 244 of the Immigration and Naturalization Act." 159 F.3d at 431.[3] She presented evidence of hardship in her motion to reopen. *Id.* We held that

---

[3]The stop-time rule, which prevents aliens from accumulating continuous physical presence after the charging document is issued, was not applicable in *Arrozal*. *See generally Ram v. INS*, 243 F.3d 510 (9th Cir. 2001).

> the BIA's order denying [Arrozal] Yehdego's motion to reopen should be treated as an order under § 241(a)(2), the overstay section of the INA. But § 241 is not one of the INA sections listed in § 309(c)(4)(E) of the IIRIRA, the section that precludes an appeal from certain discretionary decisions.

> Hence, this court has jurisdiction under the IIRIRA's transitional rules to hear [Arrozal] Yehdego's appeal from the BIA's denial of her motion to reopen.

*Id.* at 432. *Arrozal* thus decided the jurisdictional question by looking at the ground of Arrozal's deportability, not the underlying relief she requested. But, once again, Arrozal was requesting relief *for the first time*, so no prior discretionary determination existed regarding the granting of the relief sought. In Fernandez's case, by contrast, there has been such a discretionary determination — a "judgment" — made by the IJ and summarily affirmed without opinion by the BIA.

**[3]** Out-of-circuit decisions applying § 1252(a)(2)(B)(i) support a distinction between motions to reopen seeking consideration of a form of relief not previously sought and those seeking a redetermination regarding the denial of a form of relief.[4] In *Pilica v. Ashcroft*, 388 F.3d 941 (6th Cir. 2004), the Sixth Circuit addressed the application of § 1252(a)(2)(B)(i) to the BIA's denial of a motion to remand "to seek relief, in the form of adjustment of status, that was not available to [the petitioner] at the time of his original hearing," and held that jurisdiction was not precluded by the statute. *Id.* at 945, 948. *Pilica* emphasized that

---

[4]Consistent with this distinction, the government recognized that we would have had jurisdiction over the now-dismissed component of this petition for review that pertained to Fernandez's adult daughter Danelia Fernandez Covarrubias, for whom the IJ never made a discretionary hardship determination.

it is clear that this Court lacks jurisdiction over the Attorney General's discretionary determination of whether an alien should be granted adjustment of status. Here, however, Petitioner does not appeal from a discretionary determination denying him an adjustment in status. Rather, he appeals from the BIA's denial of his motion in which he sought a remand in order to permit him to *apply* for an adjustment of status.

*Id.* at 945; *see also Guerra-Soto v. Ashcroft*, 397 F.3d 637, 640 (8th Cir. 2005) ("Guerra-Soto has not asked us to review the BIA's denial of discretionary relief. Her petition simply asks us to review the BIA's refusal to reopen a case which, if it had been reopened, would have resulted in the Attorney General deciding whether to grant a form of discretionary relief."); *Subhan v. Ashcroft*, 383 F.3d 591, 594 (7th Cir. 2004) (exercising jurisdiction where "no . . . judgment [regarding adjustment of status] has ever been made with regard to Subhan" (citing *Medina-Morales*)).

*Manzano-Garcia v. Gonzales*, 413 F.3d 462 (5th Cir. 2005), was also a case in which the petitioners were applying for new relief. The petitioners "had abandoned their request for voluntary departure and . . . there was no adjustment of status application yet submitted." *Id.* at 467. Following *Medina-Morales*, the Fifth Circuit held "that review of the BIA's denial of the Manzanos' motion to reopen pursuant to 8 C.F.R. § 1003.2 is not barred by § 1252(a)(2)(B)(i) because such denial was an affirmance of their removability under § 1182(a)(6)(A)(i), not an adverse determination of the merits of Mr. Manzano's requested adjustment of status under § 1255." *Id.* at 469; *see also Obioha v. Gonzales*, 431 F.3d 400, 406 (4th Cir. 2005) ("[W]e interpret the gatekeeper provision's language to preclude review only where the basis for the discretionary decision addresses the merits of an enumerated provision.").

**[4]** Fernandez asks us to review a denial of a motion to reopen where the BIA denied the motion on the ground that there was no basis for reconsidering an earlier denial of the relief sought, and that earlier denial was based on an unreviewable ground, hardship. The cases discussed above addressing Courts of Appeals' jurisdiction to review the denial of a motion to reopen concerning discretionary relief where there was a refusal to reopen for the purpose of considering the granting of freshly-sought relief are not directly pertinent to that question. Where the denial of the motion to reopen is of the former variety — as it was in this case — the question whether a court would "have been precluded from reviewing the original determination of the BIA [or the IJ]," *Manzano-Garcia*, 413 F.3d at 467, becomes more pertinent, as will appear.

## B. Grounds for Denying a Motion to Reopen

**[5]** The BIA can deny a motion to reopen for various reasons. As explained in *INS v. Abudu*, 485 U.S. 94 (1988):

> There are at least three independent grounds on which the BIA may deny a motion to reopen. First, it may hold that the movant has not established a prima facie case for the underlying substantive relief sought. . . . Second, the BIA may hold that the movant has not introduced previously unavailable, material evidence . . . . Third, in cases in which the ultimate grant of relief is discretionary . . . the BIA may . . . simply determine that even if [the other requirements] were met, the movant would not be entitled to the discretionary grant of relief.

*Id.* at 104-05.[5] At oral argument in this and a companion case

---

[5]As we have "interpreted [§ 1252(a)(2)(B)(i)] to encompass all discretionary decisions involved in the cancellation of removal context, including the ultimate discretionary decision to deny relief," *Romero-Torres*, 327 F.3d at 890, *Abudu*'s third category of discretionary denials is not reviewable in the cancellation of removal context.

regarding motions to reconsider, the government advocated a statutory interpretation of § 1252(a)(2)(B)(i) under which we would have jurisdiction over petitions for review where the BIA relies on a procedural ground to deny a motion to reopen or reconsider — *Abudu*'s second category — but not over decisions in which the BIA determines that no prima facie case was established with respect to a discretionary factor already considered, *Abudu*'s first category.[6] In advocating reliance on the distinction between *Abudu*'s first two categories, counsel for the government contrasted Fernandez's case with those "based upon a regulatory or a statutory requirement that the evidence wasn't new, that it wasn't previously available," and contended that jurisdiction is lacking here because the only question presented is "whether that new evidence altered the [prior, underlying] discretionary determination" that Fernandez had not met the hardship standard. We agree with the government's position: Section 1252(a)(2)(B)(i) permits the exercise of jurisdiction in cases in which the BIA rules that a motion to reopen fails to satisfy procedural standards such as the evidentiary requirements specified in 8 C.F.R. § 1003.2(c)(1),[7] but bars jurisdiction where the ques-

---

[6]The requirement that a motion to reopen establish a prima facie case for relief is not regulatory, although 8 C.F.R. § 1003.2(a) does state that "[t]he Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." The prima facie case requirement was instead developed by the BIA in its case law. *See INS v. Wang*, 450 U.S. 139, 141 (1981) (motions to reopen "will not be granted 'when a *prima facie* case of eligibility for the relief sought has not been established.' *Matter of Lam*, 14 I. & N. Dec. 98 (BIA 1972). *See Matter of Sipus*, 14 I. & N. Dec. 229 (BIA 1972)."); *see also Abudu*, 485 U.S. at 108 n.13 (collecting cases distinguishing between the prima facie case requirement and regulatory requirements for motions to reopen). The standard for establishing a prima facie case is whether "the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003) (quoting *In re S-V-*, 22 I. & N. Dec. 1306 (BIA 2000) (en banc)).

[7]8 C.F.R. § 1003.2(c)(1) states in relevant part:

A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and

tion presented is essentially the same discretionary issue originally decided.

This distinction is supported by *Prado v. Reno*, 198 F.3d 286 (1st Cir. 1999), in which the First Circuit considered the case of a petitioner who sought and was granted voluntary departure before the IJ. "She did not at that time seek adjustment of status based upon her marriage to a U.S. citizen, presumably because she had not yet procured the requisite immediate relative visa." *Id.* at 289. The BIA dismissed Prado's appeal from the IJ's denial of her motion to reopen for the purpose of adjusting status, on the ground that the motion was untimely. The First Circuit concluded that § 1252(a)(2)(B)(i) did not bar its jurisdiction over the petition challenging that timeliness decision, because "[t]he decision as to which Prado seeks review is not a BIA judgment on whether to adjust Prado's status, which would be a 'judgment

---

shall be supported by affidavits or other evidentiary material. A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation. A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for such relief was fully explained to him or her and an opportunity to apply therefore was afforded at the former hearing, unless the relief is sought on the basis of circumstances that have arisen subsequent to the hearing.

This provision pertains to the facts available at the time of the original hearing, not thereafter. *See Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005) ("[B]oth the statute and the regulation indicate that the evidence must not have been available to be presented 'at the former hearing.' 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(c)(1). . . . The government's argument that the information was previously available because it became available during the pendency of the appeal to the Board does not comport with the statute and regulation.").

regarding the granting of relief under' an enumerated section, but is rather a decision not to reopen under 8 C.F.R. § 3.2." *Id.* at 290. Similarly, as the government recognizes, BIA decisions applying the evidentiary requirements for motions to reopen contained in 8 C.F.R. § 1003.2(c)(1) are reviewable.

**[6]** In this case, the government contends that we lack jurisdiction over the non-constitutional component of the petition for review, because the BIA did not rely on a statutory or regulatory provision to deny Fernandez's motion to reopen. Instead, the BIA concluded that she did not establish a prima facie case concerning hardship, a discretionary factor that would be unreviewable if it were the basis of a BIA decision on direct appeal. *See Martinez-Rosas*, 424 F.3d at 929-30. We agree that this is the relevant distinction. *Medina-Morales* emphasized that discretionary decisions are those "acts over which a *statute* gives the Attorney General pure discretion unguided by legal standards or statutory guidelines." 371 F.3d at 528 (emphasis added). Decisions by the BIA that apply the procedural requirements of 8 C.F.R. § 1003.2(c)(1) are not discretionary under this definition. If, by contrast, the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief, § 1252(a)(2)(B)(i) precludes our visiting the merits, just as it would if the BIA had affirmed the IJ on direct appeal. Otherwise, petitioners could make an end-run around the bar to review of their direct appeals simply by filing a motion to reopen.

Our conclusion that we lack jurisdiction to review the BIA's denials of motions to reopen for failure to establish a prima facie case *if* a prior adverse discretionary determination was made by the agency does not preclude this court from reviewing denials of motions to reopen discretionary determinations in other circumstances. Motions to reopen involving the submission of an application for new relief and those denied on procedural grounds have already been discussed.

There is, in addition, another category of cases over which we have jurisdiction, pursuant to the principle that applications for new relief are distinct from motions to reevaluate a prior denial of relief: Where the relief sought is formally the same as was previously denied but the evidence submitted with a motion to reopen is directed at a different basis for providing the same relief, the circumstances can take the matter out of the realm of § 1252(a)(2)(B)(i). This category covers cases in which the newly-submitted evidence is *not* cumulative, and thus directed at collaterally attacking the agency's initial decision on the same basis as it was originally made, but does seek the same *type* of discretionary relief as was originally sought. The BIA's consideration of such evidence in deciding whether to reopen the case is reviewable for abuse of discretion, as the petitioner is presenting a *basis* for relief that was not previously denied in the exercise of the agency's unreviewable discretion.

An example would be the submission of evidence, subsequent to a denial of cancellation of removal, concerning a newly-discovered, life-threatening medical condition afflicting a qualifying relative. If the BIA were to refuse to reopen the removal proceedings to make a hardship determination on this new basis, it would not be making a "judgment regarding the granting [of cancellation of removal]," within the ambit of § 1252(a)(2)(B)(i), but rather making a decision, under the removability provision at issue, whether to reopen for new proceedings, just as in *Medina-Morales* and *Arrozal*. As this court has "jurisdiction to determine whether jurisdiction exists," *Aragon-Ayon v. INS*, 206 F.3d 847, 849 (9th Cir. 2000), determining on which side of this line — between additional evidence concerning the same hardship ground and evidence of an entirely new basis for finding hardship — can be done on a case-by-case basis. The jurisdiction thus preserved with regard to motions to reopen seeking such new relief is a "safety valve . . . that ensures that the agency at least considers new information, even if its ultimate and unreviewable judgment denies the relief sought." *Prado*, 198 F.3d

at 291; *see also Pilica*, 388 F.3d at 948 ("The Court . . . agrees with the reasoning in *Prado* regarding the importance of a small safety valve in the form of court review to ensure that the BIA lives by its rules and at least considers new information. There is no indication that Congress intended to eliminate this safeguard.").

Finally, in motion to reopen cases in which an independent claim such as ineffective assistance of counsel is at issue, we have jurisdiction to determine whether a petitioner was prejudiced, an assessment that can depend in cancellation of removal cases on hardship evaluations. *See, e.g.*, *Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (per curiam) (stating in a cancellation of removal case that "Petitioners must demonstrate that counsel's performance was so inadequate that it may have affected the outcome of the proceedings" (internal quotation marks and citation omitted)). At times, therefore, we will weigh hardship factors in this indirect fashion. In *Rodriguez-Lariz v. INS*, 282 F.3d 1218 (9th Cir. 2002), for example, a transitional rules case, the petitioners contended "that they were prevented from timely filing their applications for suspension of deportation due to ineffective assistance of counsel . . . ." *Id.* at 1220. While, technically, the fact that no application for relief had ever been filed could place this case in the category of those in which entirely new relief is sought, it would not have made a difference to the ineffective assistance of counsel claim if the applications had been filed, but defectively. Either way, the prejudice analysis would include an examination of hardship where appropriate.[8]

---

[8]Our holdings in *Munoz v. Ashcroft*, 339 F.3d 950 (9th Cir. 2003), and *Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir. 2004), that "[s]ince discretionary relief is a privilege created by Congress, denial of such relief cannot violate a *substantive* interest protected by the Due Process clause," *Munoz*, 339 F.3d at 954 (emphasis added), are not to the contrary. For purposes of prejudice analysis, procedural due process and ineffective assistance of counsel claims, which are predicated on the right to a full and fair hearing, *see Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000), are not affected by the nature of the relief sought, *see Munoz*, 339 F.3d at 955 (conducting an ineffective assistance of counsel analysis and concluding that Munoz "fails to demonstrate either deficient performance or the required prejudice").

In sum, we have jurisdiction over motions to reopen regarding cases in which: (1) the agency has not made a prior discretionary determination concerning the relief sought; (2) the agency's denial of a motion to reopen applies a procedural statute, regulation, or rule, as opposed to determining that the movant did not establish a prima facie case for relief that merits reopening a prior decision denying relief on an unreviewable discretionary ground; (3) the evidence submitted addresses a hardship ground so distinct from that considered previously as to make the motion to reopen a request for new relief, rather than for reconsideration of a prior denial; and (4) an independent claim such as ineffective assistance of counsel is at issue. Section 1252(a)(2)(B)(i) bars jurisdiction, however, to review the denial of a motion to reopen that pertains only to the merits basis for a previously-made discretionary determination under one of the enumerated provisions, 8 U.S.C. §§ 1182(h), 1182(i), 1229b, 1229c, and 1255.

## C.   Application to this Case

[8] In Fernandez's case, the BIA's denial of her motion to reopen was a discretionary determination, based on consideration of the new evidence provided, that Fernandez *still* did not, prima facie, meet the hardship requirement for cancellation of removal. In relevant part, the BIA stated that

> to show prima facie eligibility for cancellation of removal . . . there must be some indication that the relatives will suffer hardship in connection with the respondents' removal that is so excessive and uncommon as to be "exceptional and extremely unusual." While the motion to reopen demonstrates that the respondents' removal would be an occasion of sorrow and great inconvenience for those left behind, that is commonly the case. It is not "exceptional and extremely unusual."

This decision did not rely on the evidentiary requirements of 8 C.F.R. § 1003.2(c)(1), or on any other procedural regula-

tion, statute, or rule. Moreover, the evidence Fernandez presented was not so different in kind from what was before the IJ as to constitute an application for new relief rather than a request for reconsideration. The lion's share of the documentation was either cumulative or pertained to the inevitable passage of time between Fernandez's removal hearing and the BIA's adjudication of her appeal. The new letter from Fernandez's husband does not alter the core of her claim, as it addresses the same basic hardship grounds considered previously. Accordingly, the BIA's decision was a "judgment regarding the granting of relief under section . . . 240A," and we lack jurisdiction to review it under § 1252(a)(2)(B)(i). We therefore dismiss this portion of the petition for review.

## II. Due Process

**[9]** Fernandez contends that her due process right to a full and fair hearing was violated by the BIA's "*de micromis* recounting of the [new] evidence" she submitted. We review due process claims de novo. *See Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). The BIA specified that "there is simply nothing in the record or the motion to reopen which persuades us that [Fernandez's qualifying] relatives will suffer hardship that is substantially different from, or beyond, that which would normally be expected to result from the removal of aliens with close family members in the United States." To the extent that Fernandez asserts that the BIA, despite this statement, failed to consider some or all of her evidence, she has not overcome the presumption that the BIA did review the record. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) ("[E]ven though the Board did not explicitly mention the supplemental evidence, it plainly stated that it reviewed the 'record of proceedings.' ").

**[10]** Fernandez also relies on our requirement that "the BIA must issue a decision that fully explains the reasons for denying a motion to reopen. . . . [T]he BIA is obligated to consider and address in its entirety the evidence submitted by a peti-

tioner." *Mohammed v. Gonzales*, 400 F.3d 785, 792-93 (9th Cir. 2005); *see also Stoyanov v. INS*, 172 F.3d 731, 736 (9th Cir. 1999) ("[T]he BIA must provide a reasoned analysis of the legal basis for its holding, specifying as well the particular facts on which that holding relies."). Our conclusion that we lack jurisdiction to review Fernandez's claim regarding the BIA's determination that she did not make out a prima facie case of hardship forecloses this argument. As we have already determined that we are without jurisdiction to review the BIA's conclusion on the merits, the concerns expressed in *Mohammed* and *Stoyanov* about our ability to review inadequately reasoned or cursory BIA decisions when jurisdiction *is* present do not apply. *See Mohammed*, 400 F.3d at 793; *Stoyanov*, 172 F.3d at 735.

## Conclusion

For the reasons given, we dismiss the petition for review in part for lack of jurisdiction and deny it in part.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**