Martin Medina MEDINA; Humberta Perez De Medina, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 06–71802, 06–73196.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 24, 2007.

Jessica E. Smith, Fresno, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Oil, Siu P. Wong, U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

Martin Medina Medina and Humberta Perez De Medina seek review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reopen removal proceedings (No. 06–71802), and its subsequent denial of the motion to reconsider that decision (No. 06–73196). Reviewing for abuse of discretion, see Lara–Torres v. Ashcroft, 383 F.3d 968, 972 (9th Cir.2004), we dismiss in part and deny in part the petition for review in No. 06–71802, and deny the petition for review in No. 06–73196.

The evidence the petitioners presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. See Fernandez v. Gonzales, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. See id. at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits).

Our conclusion that we lack jurisdiction to review the BIA's determination that the petitioners did not make out a prima facie case of hardship forecloses their argument that the BIA denied their due process by failing to consider and address the entirety of the evidence they submitted with the motion to reopen. See Fernandez v. Gonzales, 439 F.3d 592, 603–04 (9th Cir.2006).

The petitioners' remaining contentions concerning the BIA's denial of the motion to reopen are unavailing.

The BIA was within its discretion in denying the petitioners' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision denying reopening. See 8 C.F.R. § 1003.2(b)(1); Socop–Gonzalez v. INS, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW in No. 06–71802 DISMISSED in part; DENIED in part.

PETITION FOR REVIEW in No. 06–73196 DENIED.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.