**Antero Refugio SALINAS MENDIETA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71831.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 7, 2007.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Antero Refugio Salinas Mendieta, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. To

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

The evidence Salinas Mendieta presented with his motion to reopen concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits).

Salinas Mendieta contends that the BIA violated due process by finding that he engaged in "dilatory" tactics. Contrary to Salinas Mendieta's contention, he was not "prevented from reasonably presenting his case." *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Salinas Mendieta failed to demonstrate that the BIA's finding prejudiced him because his failure to establish a prima facie case of hardship is dispositive. *See id.* (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**