**Melva RODRIGUEZ–MUNOZ, Petitioner,**

**v.**

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 06–72135.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Harold W. Chun, Esq., U.S. Depart-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ment of Justice, Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW and IKUTA, Circuit Judges.

### MEMORANDUM **

Melva Rodriguez–Munoz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. *See Fernandez v. Gonzales,* 439 F.3d 592, 601–602 (9th Cir.2006). We review for abuse of discretion the denial of a motion to reopen, *see Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we grant the petition for review and remand.

The BIA abused its discretion when it failed to reopen proceedings despite new and material evidence regarding mild retardation which may lead to psychological problems for Rodriguez–Munoz's U.S. citizen son, Eduardo. *See Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003) (holding reopening warranted "where the new facts alleged, when coupled with the facts already of record, satisfy us that it would be worthwhile to develop the issues further at a plenary hearing on reopening.") (quoting *In re S–V–,* 22 I. & N. Dec. 1306 (BIA 2000)).

**PETITION FOR REVIEW GRANTED; REMANDED.**

IKUTA, Circuit Judge dissenting:

I respectfully dissent. The question presented in Munoz's motion to reopen is

** This disposition is not appropriate for publication and is not precedent except as provid-

whether Eduardo's educational problems are an "exceptional and extremely unusual hardship" for purposes of 8 U.S.C. § 1229b(b)(1)(D). The IJ had previously determined that Eduardo's educational problems did not establish such hardship. Munoz's additional evidence that Eduardo's educational problems may be caused by mild mental retardation does not change the basis for Munoz's claim. We lack jurisdiction to consider a motion to reopen "where the question presented is essentially the same discretionary issue originally decided." *See Fernandez v. Gonzales,* 439 F.3d 592, 600 (9th Cir.2006).