Pedro Betancourt PANIAGUA; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–74909.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.\*

Filed Jan. 20, 2009.

Ubalda Nunez Pacheco, Anaheim, CA, pro se.

U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jeffery R. Leist, Trial, for Respondent.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Pedro Betancourt Paniagua and Ubalda Nunez Pacheco, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' denial of their appeal, which the BIA construed as a motion to reopen, from an immigration judge order denying their request for relief. Initially, the immigration judge granted petitioners cancellation relief based on a finding of extreme hardship to their United States citizen child, but the BIA held that there was no extreme hardship to merit cancellation relief, vacated the IJ's order, and remanded for the IJ to determine whether petitioners were entitled to voluntary departure. On remand, the IJ denied voluntary departure, and petitioners filed an appeal brief with the BIA in which they challenged the BIA's previous denial of their cancellation application.

The evidence that petitioners presented with their motion to reopen concerned the same basic hardship grounds as their initial application for cancellation of removal. We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See Fernandez v. Gonzales,* 439 F.3d 592, 601–03 (9th Cir.2006).

**PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

