**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **SUN DAING**, | No. 06-70210 |
| Petitioner, | Agency No. A095-585-118 |
| v. | |
| **ERIC H. HOLDER Jr., Attorney General**, | **MEMORANDUM**∗ |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 15, 2010
San Francisco, California

Before:     **KOZINSKI**, Chief Judge, **ARCHER**, Senior Circuit Judge,∗∗ and
**CALLAHAN**, Circuit Judge.

Whether Daing suffers from a mental impairment that excuses his untimely

asylum application is a disputed factual question over which we lack jurisdiction.

See Ramadan v. Gonzales, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam).

---

∗      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

∗∗      The Honorable Glenn L. Archer, Jr., Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

Assessing the severity of Daing's depression involves an unreviewable determination "dependent . . . upon the identity of the person." Id. at 656 (internal quotation marks omitted) (alteration in original). We lack jurisdiction over the denial of the motion to reopen because it pertains to the merits of this previously-made discretionary determination. See Fernandez v. Gonzales, 439 F.3d 592, 603 (9th Cir. 2006).

Substantial evidence supports the BIA's denial of the application for withholding of removal because Daing didn't demonstrate a likelihood of future persecution. Even if we assume that Daing suffered past persecution as a child, the government has rebutted the presumption based on that persecution by demonstrating a "fundamental change in circumstances." Hanna v. Keisler, 506 F.3d 933, 938 (9th Cir. 2007). The immigration judge reasonably found that "country conditions have quite obviously changed and changed to such a radical degree that [Daing's] experiences [pre-1979] provide no basis for a well-founded fear of future persecution." Daing's unpleasant experiences post-1979 don't rise to the level of persecution, and therefore don't establish a presumption of future persecution.

**DISMISSED IN PART AND DENIED IN PART.**