**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1323
_____

JAVIER MENDIETA-MORALES,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A093-492-676)
Immigration Judge:  Honorable Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 23, 2011

Before: BARRY, HARDIMAN and STAPLETON, Circuit Judges

(Opinion filed March 23, 2011)
_____

OPINION
_____

PER CURIAM

        Javier Mendieta-Morales, a native and citizen of Mexico, petitions for review of

the order of the Board of Immigration Appeals ("BIA") denying his motion to remand

and affirming the immigration court's denial of cancellation of removal.  For the reasons

discussed below, we will dismiss the petition.

Mendieta-Morales came to the United States in October 1997 without a valid visa or other travel documents. He lives in New Jersey with his common-law wife (an undocumented alien) and their family, an older daughter who is a Mexican citizen, and two younger daughters who are American citizens. Mendieta-Morales was placed in removal proceedings in 2007,[1] and in 2008, he applied for cancellation of removal under INA § 240A(b) [8 U.S.C. § 1229b(b)], claiming that his continuous presence in the United States for ten years, the absence of any criminal statutory bars, and that his removal to Mexico would result in exceptional and extremely unusual hardship to his American born children, for whom he is the sole provider.

The Government stipulated to Mendieta-Morales's continuous presence and acknowledged that he would be eligible for the petty offense exception to the criminal statutory bar. After a hearing at which Mendieta-Morales and the children's treating physicians testified, the IJ found him removable as charged and denied cancellation of removal based solely on Mendieta-Morales's failure to demonstrate that his American born children would suffer the exceptional and extremely unusual hardship if he is removed.

Mendieta-Morales appealed and also sought remand to the IJ for consideration of

---

[1] The Government charged Mendieta-Morales as removable pursuant to INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i) (alien present in the United States without admission or parole).

2

new evidence that one of his American born daughters was due to undergo diagnostic testing for her respiratory problems. The BIA dismissed the appeal of the denial of cancellation of removal, finding no clear error in the IJ's denial of discretionary cancellation of removal based on Mendieta-Morales's failure to satisfy the hardship requirement. Additionally, the BIA denied Mendieta-Morales's motion to remand, holding that he failed to show prima facie eligibility for relief. Specifically, the Board concluded that Mendieta-Morales did not offer any supporting evidence specific to the child's further need for diagnostic testing. The BIA noted that the motion to remand provided only background information on the child's reactive airway disease, which had been addressed in the testimony of the child's pediatrician at the 2008 hearing. Mendieta-Morales filed this timely petition for review.

The Government raises a threshold issue: whether we have jurisdiction to review the BIA's order affirming the IJ's denial of discretionary cancellation of removal. We have jurisdiction generally to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). Section 1252(a)(2)(B)(i) removes our jurisdiction over the Board's discretionary decisions regarding cancellation of removal under 8 U.S.C. § 1229b. See Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003).

Mendieta-Morales argues that the question of his statutory eligibility for cancellation of removal, including whether he satisfied the "exceptional and extremely unusual hardship" requirement, is a legal determination over which we have jurisdiction. (Pet'r Br. at 9-10.) We disagree. To succeed on an application for cancellation of

3

removal, an alien must establish, among other things, that removal would result in "exceptional and extremely unusual hardship" to a qualifying relative. We held in Mendez-Moranchel that this determination is a "quintessential discretionary judgment." Id. Here, the Board denied Mendieta-Morales's application for cancellation of removal based solely on a discretionary determination that he failed to establish the requisite "exceptional and extremely unusual hardship" to his American born daughters, see 8 U.S.C. § 1229b(b)(1)(D), and, thus, we lack jurisdiction to review the final order of removal.

Mendieta-Morales claims that we have jurisdiction to review the denial of his motion to remand. Although we generally have jurisdiction to review a motion to remand (treated the same as a motion to reopen), see Shardar v. Ashcroft, 382 F.3d 318, 324-25 (3d Cir. 2004), we lack jurisdiction to review the motion to remand in Mendieta-Morales's case because the issue presented by it is essentially the same discretionary hardship issue originally decided. See Fernandez v. Gonzales, 439 F.3d 592, 600 (9th Cir. 2006); Martinez-Maldonaldo v. Gonzales, 437 F.3d 679, 683 (7th Cir. 2006).

Accordingly, we will dismiss for lack of jurisdiction the petition for review of the Board's order affirming the IJ's discretionary cancellation of removal and denying Mendieta-Morales's motion to remand.

4