**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLVYKE CHANETTE LANGIE; HASAN RAINTUNG; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-70749 <br><br> Agency Nos. A079-535-288 <br> A079-535-289 <br> A079-535-291 <br> A078-112-465 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Olvyke Chanette Langie, Hasan Raintung, and their children, natives and

citizens of Indonesia, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010), and we deny the petition for review.

Petitioners each filed separate applications for asylum, and were also listed as derivatives of Langie's application. Except for three house burning incidents Raintung alleged that related solely to him, petitioners' claims are all based on the grounds set forth in Langie's testimony.

The record does not compel the conclusion that petitioners established changed circumstances to excuse their untimely asylum applications. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007). Accordingly, their asylum claim fails.

Substantial evidence supports the agency's determination that Raintung was not credible regarding the alleged burning of his parents' home in Indonesia based on his evasive and non-responsive testimony. *See Wang v. INS*, 352 F.3d 1250, 1256-57 (9th Cir. 2003).

Substantial evidence supports the agency's finding that petitioners failed to establish the disruptions of their church services and the one assault constituted harm rising to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049,

1059-60 (9th Cir. 2009). Substantial evidence also supports the agency's finding that petitioners did not demonstrate a clear probability of future persecution in Indonesia. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (applicant's continued presence in home country without harm undercut claim); *Tamang*, 598 F.3d at 1094 (voluntary return trips to an applicant's home country militate against a future fear finding). Accordingly, petitioners' withholding of removal claims fail.

Finally, substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured if returned to Indonesia. *See Tamang*, 598 F.3d at 1095. We reject petitioners' contention that the agency failed to consider all the evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

**PETITION FOR REVIEW DENIED.**