**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRATAP KUMAR DHUNGEL; LAXMI DHUNGEL, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-70160 <br><br> Agency Nos.    A089-591-541 <br>                A089-591-542 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Pratap Kumar Dhungel and Laxmi Dhungel, natives and citizens of Nepal,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's decision denying their applications for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and de novo questions of law. *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013). We deny in part and grant in part the petition for review, and we remand for further proceedings.

Substantial evidence supports the BIA's conclusion that petitioners failed to file their applications within a reasonable period of time after their lawful status expired. *See Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008). Substantial evidence also supports the conclusion that petitioners did not otherwise establish changed or extraordinary circumstances excusing their untimely applications. *See* 8 C.F.R. §§ 1208.4(a)(4), (5). Accordingly, petitioners' asylum claims fail.

Substantial evidence also supports the BIA's denial of petitioners' CAT claim because they have not shown it is more likely than not they will be tortured by the government of Nepal or with its consent or acquiescence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We reject petitioners' contentions that the agency failed to consider record evidence or provided inadequate reasoning for its determination to deny CAT relief. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption

that the BIA reviewed the record); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not "write an exegesis on every contention").

With regard to petitioners' claims for withholding of removal, the record does not compel the conclusion Maoists targeted or will target petitioners for harm on account of an actual or imputed political opinion. *See Sangha v. INS*, 103 F.3d 1482, 1489-91 (9th Cir. 1997); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("[t]o reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original). We reject petitioners' contention that the agency disregarded record evidence. *See Fernandez*, 439 F.3d 603.

In denying petitioners' withholding of removal claims, the BIA also determined that "land owners" is not cognizable as a particular social group. In light of our recent decision in *Cordoba*, 726 F.3d 1106, 1114 (recognizing landownership may form the basis of a particular social group), we remand petitioners' withholding of removal claims for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

10-70160

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**