**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CARLOS ANTONIO HERRERA-AGUIRRE,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | Nos. 11-70719<br>12-72355<br><br>Agency No. A045-920-210<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Carlos Antonio Herrera-Aguirre, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT") (No. 11-70719). Herrera-Aguirre also petitions for

review of the BIA's denial of his motion to reopen removal proceedings, and

motion for reconsideration (No. 12-72355). Our jurisdiction is governed by 8

U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v.*

*Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). In petition No. 11-70719, we

dismiss in part, deny in part, and grant in part, and we remand. In petition No. 12-

72355, we dismiss.

We lack jurisdiction to review Herrera-Aguirre's unexhausted claim that the

government improperly charged him as removable based on a prior conviction.

*See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The government's motion to strike the evidence submitted by Herrera-

Aguiree that is not contained in the administrative record is granted. *See Fisher v.*

*INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

Substantial evidence supports the BIA's denial of CAT relief because

Herrera-Aguirre failed to establish that it is more likely than not he would be

tortured by or with the acquiescence of the government of El Salvador. *See Silaya*

*v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We reject Herrera-Aguirre's

contention that the agency applied the wrong standard. *See Zheng v. Ashcroft*, 332

11-70719

F.3d 1186, 1196 (9th Cir. 2003) (the correct inquiry is whether a public official would demonstrate willful blindness or turn a blind eye to torture).

In denying Herrera-Aguirre's asylum and withholding of removal claims, the agency found he failed to establish a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Herrera-Aguirre's asylum and withholding of removal claims to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Herrera-Aguirre's remaining challenges to the agency's denial of his asylum and withholding of removal claims at this time.

Further, in light of our grant and remand, we dismiss the petition for review in No. 12-72355 because there is no final order of removal.

11-70719

Each party shall bear its own costs for these petitions for review.

No. 11-70719:  **PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**

No. 12-72355: **PETITION FOR REVIEW DISMISSED.**