NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| RENE ORLANDO ALVARADO MORALES, AKA Rene Alvarado,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   16-72008<br><br>Agency No. A072-293-181<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2018**

Before:     REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Rene Orlando Alvarado Morales, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

his motion to reopen removal proceedings. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen,

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and we review de novo questions of law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Alvarado Morales' motion to reopen as untimely, where he did not timely file the motion and failed to demonstrate the due diligence necessary to warrant equitable tolling of the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as the petitioner exercises due diligence in discovering such circumstances).

The record does not support Alvarado Morales' contention that the BIA failed to adequately explain its decision not to reopen sua sponte. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

We lack jurisdiction to consider Alvarado Morales' remaining contentions regarding the BIA's discretionary decision not to reopen proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited

16-72008

purpose of reviewing the reasoning behind the decisions for legal or constitutional error.”).

In light of our disposition, we do not reach Alvarado Morales’ remaining contentions regarding the alleged ineffectiveness of prior counsel or compliance with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**