**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISTOBAL GONON TZUN, | No. 16-73897 |
| Petitioner, | Agency No. A070-939-711 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

Cristobal Gonon Tzun, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") order denying his motion to reopen deportation

proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Gonon Tzun's motion to reopen for failure to establish lack of notice of his deportation hearing, where the record contains a signed Order to Show Cause ("OSC") and evidence of personal service. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2) (a motion to reopen to rescind an in absentia order may be filed at any time if the alien demonstrates lack of notice of his hearing); 8 U.S.C. § 1252b(a)(2) (1994) (requiring written notice of the time and place of proceedings be personally served on the alien or if personal service is not practicable, requiring written notice be given by certified mail). The record does not support Gonon Tzun's contention that the agency failed to consider evidence. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

We lack jurisdiction to consider Gonon Tzun's unexhausted contention that service was improper because the OSC was not read to him in a language he could understand. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**