**Guillermo Arturo Isidro SALAZAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–72167.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 16, 2007.*

Filed April 30, 2007.

Noam Mendelson, Daly City, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER and BEA, Circuit Judges.

## MEMORANDUM **

Guillermo Arturo Isidro Salazar seeks review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We dismiss the petition for review.

The evidence Isidro Salazar presented with his motion to reopen concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that he failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determina-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tion that [the petitioner] had not met the hardship standard.") (Internal quotations and brackets omitted).

Our conclusion that we lack jurisdiction to review the BIA's determination that Isidro Salazar did not make out a prima facie case of hardship forecloses his argument that the BIA denied him due process by failing to consider and address the entirety of the evidence he submitted with the motion to reopen. *See Fernandez*, 439 F.3d at 603–04.

**PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

