**Magdaleno ALCARAZ–MUNGUIA; et al., Petitioners,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

**No. 05–76336.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Sept. 27, 2007.

Magdaleno Alcaraz–Munguia, Tujunga, CA, pro se.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suit-

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Luis E. Perez, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Magdaleno Alcaraz–Munquia and Maria Del Rosario Meza–Barajas, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' denial of their motion to reconsider the underlying decision denying their application for cancellation. We dismiss the petition for review.

Petitioners presented evidence with their motion to reconsider that concerned the same basic hardship grounds as their underlying application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We, therefore, lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a

statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits).

We do not address petitioners' contentions regarding continuous physical presence because their failure to establish hardship is dispositive.

**PETITION FOR REVIEW DISMISSED.**

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

