MEMORANDUM **
Joel Escobar Ochoa seeks asylum and withholding of removal. The Immigration Judge (“IJ”) determined that he was ineligible for asylum and withholding of removal under the Immigration and Naturalization Act’s (“INA”) persecutor bar, 8 U.S.C. § 1158(b)(2)(A)(i), 8 U.S.C. § 1231(b)(3)(B)®, due to his actions as a Guatemalan police officer. The IJ also found him statutorily eligible for voluntary departure but denied him this relief as a matter of discretion. The Board of Immigration Appeals (“BIA”) affirmed without opinion and Escobar Ochoa petitioned this court to review the decision.
Escobar Ochoa later moved to reopen his proceedings so that he could again request voluntary departure based on his subsequent marriage to a U.S. citizen and the visa petition his wife had filed on his behalf. The BIA denied his request. Es-cobar Ochoa filed a motion for reconsideration, which the BIA also denied. He then petitioned for judicial review of this second denial, which was consolidated with his first petition for review.
We hold that Escobar Ochoa is barred from receiving asylum or withholding of removal because substantial evidence supports the IJ’s decision that he assisted in the persecution of others. We therefore deny his petition on the merits. “The decision that an alien has not established eligibility for asylum or withholding of removal is reviewed for substantial evidence.” Malkandi v. Mukasey, 544 F.3d 1029, 1035 (9th Cir.2008) (internal quotation marks omitted). This court reviews the IJ’s decision as the final agency decision when the BIA affirms the IJ without opinion. Falcon Carriche v. Ashcroft, 350 F.3d 845, 849 (9th Cir.2003).
An alien who fears persecution in his country of origin and seeks refugee status in the United States is barred from such relief if he has persecuted others within the meaning of 8 U.S.C. § 1101(a)(42). That section provides, in relevant part,
The term “refugee” does not include any person who ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion.
The persecutor bar applies to aliens seeking asylum, 8 U.S.C. § 1158(b)(2)(A)®, or withholding of removal, 8 U.S.C. § 1231(b)(3)(B)®.
Substantial evidence supports the IJ’s determination that Escobar Ochoa assisted in the persecution of others on account of their political opinion. In Miranda Alvarado v. Gonzales, 449 F.3d 915 (9th Cir. *422 2006), we held that a member of the Peruvian Civil Guard who worked as an interpreter while other guards interrogated guerrilla members using torture did assist in persecution based on political opinion. Id. at 928. There was substantial evidence in the record for the IJ to similarly conclude that Escobar Ochoa assisted in the persecution of others based on their political opinions. As a Guatemalan police officer, Escobar Ochoa arrested individuals knowing that some of them would be tortured. Further, he recorded statements from detainees who had been tortured, and whose statements were given as a result of this torture. Some of these tox*tured individuals were guerrillas who opposed the Guatemalan government.
We dismiss for lack of jurisdiction Esco-bar Ochoa’s petition to review the BIA’s denial of his motion to x-econsider. We lack jurisdiction to x-eview the denial of a request for voluntax-y departure. 8 U.S.C. § 1229c(f); 8 U.S.C. § 1252(a)(2)(B)(i). In Fernandez v. Gonzales, 439 F.3d 592 (9th Cir.2006), we held that 8 U.S.C. § 1252(a)(2)(B)(i) bars jurisdiction over motions to reopen “whex-e the question presented is essentially the same discx-e-tionary issue originally decided.” 439 F.3d at 600. Escobar Ochoa’s motion to reopen and motion to reconsider sought voluntax-y departure, the same discretionax-y relief denied by the IJ.
We have jurisdiction over a motion to reopen or reconsider a discretionary question if “the relief sought is fox-mally the same as was previously denied but the evidence submitted with the motion to reopen is directed at a different basis for providing the same relief.” Id. at 601. Escobar Ochoa does not fall within this exception.
DENIED and DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.