FILED

**NOT FOR PUBLICATION**

DEC 07 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR ARTURO SANCHEZ HERNANDEZ; ALMA ROSA LARA BATRES, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-71333 <br><br> Agency Nos. A075-749-304 <br> A075-749-305 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009[**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Oscar Arturo Sanchez Hernandez and Alma Rosa Lara Batres, husband and

wife and natives and citizens of Mexico, petition for review of the Board of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JTK/Research

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") denial of their applications for cancellation of removal and denying their motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

We reject petitioners' contention that the IJ violated due process by denying their motion for an additional continuance. Petitioners received continuances amounting to almost four years to allow them to obtain counsel and gather evidence for their hearing, and their proceedings were therefore not "so fundamentally unfair that [they were] prevented from reasonably presenting [their] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (internal quotation marks and citation omitted).

The evidence petitioners presented with their motion to remand concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602-03 (9th Cir. 2006). We therefore

lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601.

Petitioners' remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**