**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALJIT SINGH, | No. 07-73957 |
| Petitioner, | Agency No. A095-584-969 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Daljit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JK/Research

discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely where the motion was filed over three years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish changed circumstances in India to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence with motion to reopen that conditions in the country of nationality had changed).

Singh's contention that the BIA failed to consider the evidence submitted with the motion to reopen fails, because he has not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Singh's contention that the BIA failed to explain its reasons for its decision to deny the motion to reopen is belied by the record.

**PETITION FOR REVIEW DENIED.**