**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NISAR MOHAMMAD, | No. 07-72220 |
| Petitioner, | Agency No. A093-057-269 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010 [**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Nisar Mohammad, a native and citizen of Pakistan, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JK/Research

abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Mohammad's motion to reopen as untimely where the motion was filed over two years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Mohammad failed to establish changed circumstances in Pakistan to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial).

Mohammad's contention that the BIA failed to consider the evidence submitted with the motion to reopen fails, because he has not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Mohammad's contention that the BIA failed to explain its reasons for its decision to deny the motion to reopen is belied by the record.

**PETITION FOR REVIEW DENIED.**