FILED

**NOT FOR PUBLICATION**

APR 16 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARAMJIT SINGH, | No. 06-75849 |
| Petitioner, | |
| v. | Agency No. A074-153-432 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010**

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Paramjit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying Singh's second motion to

reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen, *Toufighi v.*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and review de novo ineffective assistance of counsel claims, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely and number-barred because it was Singh's second motion to reopen and it was filed two years after the BIA's final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of final order of removal); 8 U.S.C. § 1229a(c)(7)(A) (a party may file only one motion to reopen).

The BIA also did not abuse its discretion in failing to reopen Singh's case on the basis of ineffective assistance of former counsel, because even if Singh's former counsel's performance were deficient, Singh failed to establish the alleged deficiencies prejudiced his case. *See Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999).

**PETITION FOR REVIEW DENIED.**