**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MEIXIA YANG,

               Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 08-70190

Agency No. A077-281-666

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

    Meixia Yang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying her motion to reopen. We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

a motion to reopen, *He v. Gonzales*, 501 F.3d 1128, 1130-31 (9th Cir. 2007), and we deny the petition for review.

The agency did not abuse its discretion in denying Yang's motion to reopen as untimely because Yang filed it over three years after the BIA issued its final removal order, *see* 8 C.F.R. § 1003.2(c)(2), and Yang failed to demonstrate changed country conditions, including a change in laws or the enforcement of family planning laws, to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Lin v. Holder*, 588 F.3d 981, 988-989 (9th Cir. 2009); *He*, 501 F.3d at 1132.

Yang's argument that she is entitled to file a successive asylum application is foreclosed by this court's decision in *Chen v. Mukasey*, 524 F.3d 1028, 1032 (9th Cir. 2008) (an alien may file a successive asylum application only in connection with a successful motion to reopen, subject to the time and number limitations).

We reject Yang's contention that the BIA abused its discretion in weighing her submitted evidence because the BIA sufficiently explained that the evidence in question was a copy of a translation and was not authenticated. *See Ghaly v. INS*, 58 F.3d 1425,1430 (9th Cir. 1995) ("All that we require is that the Board provide a

comprehensible reason for its decision sufficient for us to conduct our review and to be assured that the petitioner's case received individualized attention.").

Finally, we reject Yang's contention that the BIA overlooked her evidence because she has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

3