**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUN CHENG PAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-75130<br><br>Agency No. A070-901-961<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:      B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Jun Cheng Pan, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Pan's motion to reopen as untimely where the motion was filed over two years after the BIA's final administrative decision, *see* 8 C.F.R. § 1003.2(c)(2), and Pan failed to establish changed circumstances in China to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Lin v. Holder*, 588 F.3d 981, 988-89 (9th Cir. 2009) (record did not establish change in family planning laws or enforcement of such laws to show changed country conditions excusing untimely motion to reopen).

Pan's contention that he should have been permitted to file a successive asylum application is foreclosed. *See Lin*, 588 F.3d. at 989 (rejecting petitioner's contention that, independent from her motion to reopen, she was entitled to file a free-standing asylum application).

Pan's contention that the BIA failed to consider the evidence submitted with the motion to reopen fails because he has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

07-75130