**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOHAMMAD SHAMEEM; SAMSHAD
BEGUM SHAMEEM,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-74815

Agency Nos. A078-670-556
A078-670-557

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Mohammed Shameem and Samshad Begum Shameem, natives and citizens

of Fiji, petition for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen removal proceedings. We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen.  *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir. 2003).  We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen because it was untimely, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to present sufficient evidence of changed circumstances in Fiji to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is  . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

We reject petitioners contention that the BIA failed to consider the evidence because they have not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**