**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ANTONIO GUERRA and MA LOURDES GUERRA, aka Maria Lourdes Guerra, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-71278 <br><br> Agency Nos.     A075-499-194 <br>                   A075-499-195 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2011[**]
San Francisco, California

Before: NOONAN and N.R. SMITH, Circuit Judges, and COLLINS, District
Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Raner C. Collins, District Judge for the U.S. District
Court for Arizona, Tucson, sitting by designation.

Carlos Guerra and Maria Lourdes Guerra petition pro se for review of a Board of Immigration Appeals (BIA) order dismissing their appeal of a decision denying their application for cancellation of removal for failure to establish exceptional and extremely unusual hardship to their qualifying relatives. We have jurisdiction under 8 U.S.C. § 1252. We dismiss in part and deny in part.

1.      We lack jurisdiction to review the BIA's discretionary determination that Petitioners were ineligible for cancellation of removal, because Petitioners failed to show that removal would result in exceptional and extremely unusual hardship to their United States citizen children. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009).

2.      However, we do have jurisdiction to review Petitioners' due process claims. *See id*. Petitioners' due process rights were not violated when the IJ denied their request to present additional evidence after the BIA's limited remand. The BIA's order was sufficiently limited; it vacated its prior decision and limited the scope of the remand to proceedings consistent with *Molina-Camacho v. Ashcroft*, 393 F.3d 937, 940-42 (9th Cir. 2004) (overruled by *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc)). *See Fernandes v. Holder*, 619 F.3d 1069, 1074 (9th Cir. 2010).

Even if the IJ should have considered the additional evidence, the error is harmless because the BIA considered the additional evidence. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995).

3.     To the extent that the BIA considered Petitioners' second appeal as a motion to reopen, we lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See Fernandez v. Gonzales*, 439 F.3d 592, 600-01 (9th Cir. 2006).  The additional evidence concerned the same basic hardship grounds as the Petitioners' application for cancellation of removal, which the BIA rejected as those ordinarily expected to result from an alien's deportation.

4.     Petitioners' argument regarding eligibility for voluntary departure lacks merit.  Petitioners were initially granted voluntary departure by the BIA.  The BIA in its March 15, 2007 Order again noted that Petitioners were previously granted voluntary departure and reissued an order granting voluntary departure.

5.     Petitioners' remaining arguments lack merit.  First, the February 3, 2004 decision by the BIA was issued by a three-member panel as required by 8 C.F.R. § 1003.1(e)(6)(vi).  Second, the BIA did not issue a "summary dismissal," use "boilerplate" language, or fail to "provide a comprehensive reason for its decision."  To the contrary, the BIA's decisions contained individualized review of

3

Petitioners' circumstances and "contain[ed] a statement of its reasons for denying the petitioner[s] relief adequate for us to conduct our review." *See Ghaly*, 58 F.3d at 1430. We require nothing more.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**