**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAJID IQBAL, | No. 10-73140 |
| Petitioner, | Agency No. A043-589-992 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Sajid Iqbal, a native and citizen of Pakistan, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We

have jurisdiction under 8 C.F.R. § 1252. We review for abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny the petition for review.

The BIA did not abuse its discretion in denying Iqbal's motion to reopen as untimely where the motion was filed almost four years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Iqbal failed to present evidence that constituted a material change in Pakistan, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi*, 538 F.3d at 996 (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed). Further, we reject Iqbal's contention that the BIA did not adequately review the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record). Further, Iqbal's contention that the BIA did not conduct an individualized analysis of country conditions is belied by the record.

Finally, we reject Iqbal's request for judicial notice. *See Fisher v. INS,* 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED.**