**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAVIER HERNANDEZ-SALAZAR,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

Nos. 10-71107
          11-70533

Agency No. A098-269-546

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

   In these consolidated petitions for review, Javier Hernandez-Salazar, a

native and citizen of Mexico, petitions for review of the Board of Immigration

Appeals' ("BIA") orders dismissing his appeal from an immigration judge's

decision denying his application for cancellation of removal, and denying his

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales,* 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss the petition for review in 10-71107, and dismiss in part and deny in part the petition for review in 11-70533.

We lack jurisdiction to review the agency's discretionary determination that Hernandez-Salazar failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). Hernandez-Salazar's contention that factual errors infected the proceedings with unfairness is not supported by the record and does not present a colorable claim that invokes our jurisdiction. *See id.*

We lack jurisdiction to review Hernandez-Salazar's motion to reopen to the extent it concerns the same basic hardship grounds as his original application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir. 2006) (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the] petitioner] had not met the hardship standard." (internal quotations and brackets omitted)).

To the extent Hernandez-Salazar presented non-cumulative evidence of hardship to his son as a result of a learning disability and/or psychological disorder in his motion to reopen, the BIA did not abuse its discretion in denying the motion for failure to establish prima facie eligibility for cancellation of removal. *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (prima facie eligibility is demonstrated by a showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied). Hernandez-Salazar's contention that the BIA's analysis relied on an incorrect standard in denying the motion is not supported by the record.

**In 10-71107: PETITION FOR REVIEW DISMISSED**.

**In 11-70533: PETITION FOR REVIEW DISMISSED in part; DENIED in part**.