**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GABRIELA MANCIO,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-72846

Agency No. A075-653-148

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Gabriela Mancio, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen, and review de novo claims

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Mancio's motion to reopen to the extent it concerns the same basic hardship grounds as her original application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir. 2006) (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard." (internal quotations and brackets omitted)).

To the extent Mancio presented non-cumulative evidence of hardship to her mother and youngest son, the BIA did not abuse its discretion in denying the motion where the evidence was insufficient to demonstrate any likely impact on the hardship determination in Mancio's case. *See id.* at 600 n.6 (prima facie eligibility for relief is demonstrated where "the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied" (internal quotations omitted)).

Mancio's related due process contention fails because she cannot establish prejudice as a result of the denial of her motion to reopen. *See Lata v. INS,* 204

F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**