
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENITA STEENHOFF SNETHLAGE, | No. 09-71920 |
| Petitioner, | Agency No. A072-799-555 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2014**
Stanford, California

Before: O'SCANNLAIN and MURGUIA, Circuit Judges, and MUELLER, District Judge.***

Benita Steenhoff-Snethlage, a native and citizen of South Africa, petitions

for review of the Board of Immigration Appeals' ("BIA's") order denying her

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kimberly J. Mueller, District Judge for the U.S. District Court for the Eastern District of California, sitting by designation.

motion to reopen her application for asylum, withholding of removal, and protection under the Convention Against Torture. Snethlage initially sought relief as a derivative petitioner in connection with her ex-husband's application, which the BIA dismissed. The BIA denied Snethlage's motion to reopen on grounds that she had neither established a prima facie case for relief nor submitted new material evidence in support of her motion.

The BIA properly denies a motion to reopen when "the movant has not established a prima facie case for the underlying substantive relief sought," when "the movant has not introduced previously unavailable, material evidence," or when, even if the other requirements are met, the movant "would not be entitled to the discretionary grant of relief." *Fernandez v. Gonzales*, 439 F.3d 592, 599 (9th Cir. 2006) (internal quotation marks omitted).

The BIA correctly held that Ms. Snethlage has not established a "prima facie case" for asylum. Her application, which turns on the testimony of her ex-husband, does not show the required nexus between her husband's asserted fear of persecution and a statutorily protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004); 8 U.S.C. § 1101(a)(42)(A). Nor has she explained why she fears future persecution based on her ex-husband's activity decades ago in South Africa. Indeed, Ms. Snethlage's ex-husband testified that he "[doesn't] have

a clue" whether any of the individuals he encountered while working for the South African government have any role in that government today.

Because Ms. Snethlage has not made out a prima facie case for asylum, she also fails the more stringent test for withholding of removal. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Nor has she made out a prima facie claim for relief under the Convention Against Torture. She has not established any likelihood that she will be tortured if she returns to South Africa, *see* 8 C.F.R. § 208.16(c)(2), or that any such torture would occur "'at the instigation of or with the consent or *acquiescence* of a public official or other person acting in an official capacity.'" *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (quoting 8 C.F.R. § 208.18(a)(1)).

Finally, the BIA did not abuse its discretion in denying Ms. Snethlage's motion to reopen because the new evidence she offers—her newly single marital status and resultant inability to receive derivative benefits tied to Mr. Snethlage's application—are not material to the likelihood that she would face future persecution in South Africa. *See Bolshakov v. I.N.S.*, 133 F.3d 1279, 1281–82 (9th Cir. 1998).

**PETITION FOR REVIEW DENIED.**