**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARITZA IVONNE AVELAR, AKA Maritza Cruz, <br><br>                 Petitioner, <br><br>   v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>                 Respondent. | No.   16-72540 <br><br> Agency No. A088-968-014 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Maritza Ivonne Avelar, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and we review de

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo questions of law. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). We deny the petition for review.

The BIA did not abuse its discretion in denying Avelar's motion to reopen as untimely, where she filed the motion nearly two years after her final administrative order of removal, and did not present sufficient evidence of materially changed country conditions in El Salvador to qualify for the regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (to prevail on a motion to reopen based on changed country conditions, applicant must produce material evidence of changed country conditions that establishes prima facie eligibility for the relief sought).

The record does not support Avelar's contention that the BIA failed to consider evidence submitted with her motion. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

**PETITION FOR REVIEW DENIED.**