NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS JUAREZ-ALEMAN, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No.  16-73954 Agency No. A029-258-535 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Carlos Juarez-Aleman, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider the denial of his prior motion to reopen deportation proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

denial of a motion to reconsider, and review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion or violate due process in denying Juarez-Aleman's motion to reconsider, where the motion failed to identify any error of law or fact in the BIA's previous order. *See* 8 U.S.C. § 1229a(c)(6); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge). Juarez-Aleman's underlying motion to reopen was untimely, and he did not present sufficient evidence of due diligence for equitable tolling of the filing deadlines. *See* 8 C.F.R. § 1003.43(e)(1), (2); *Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as petitioner exercises due diligence in discovering such circumstances). Juarez-Aleman also did not include with his underlying motion evidence sufficient to establish prima facie eligibility for relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). *See* NACARA, Pub. L. 105-100, § 203, 111 Stat. 2160 (1997); 8 C.F.R. § 1003.23(b)(2).

The record does not support Juarez-Aleman's contention that the BIA failed to consider relevant evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th

16-73954

Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

In light of our disposition, we do not reach Juarez-Aleman's remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**