**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALENTINA ALEXANDROVNA ONOUFRIENKO, | No. 18-71887 |
| Petitioner, | Agency No. A074-809-017 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020[**]

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Valentina Alexandrovna Onoufrienko, a native of the U.S.S.R. and citizen of

Russia, petitions for review of the Board of Immigration Appeals' ("BIA") order

denying her motion to reopen her deportation proceedings. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Onoufrienko's motion to reopen as untimely, where she filed the motion nearly 16 years after her final order of deportation and failed to show she qualifies for any exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2)-(3).

Onoufrienko's contention that the agency erred in denying sua sponte reopening for failure to demonstrate exceptional circumstances does not raise a legal or constitutional error to invoke our jurisdiction. *See Bonilla*, 840 F.3d at 588 ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

Onoufrienko's contention that the BIA did not consider all of the evidence in deciding her motion is not supported by the record. The BIA provided sufficient reasoning and detail in its decision denying the motion to reopen, indicating that it reviewed the entire record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency does not have to write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (alien must overcome presumption that BIA did review all evidence where the BIA plainly stated it reviewed the record). The BIA was not required to address whether she is prima

facie eligible for adjustment of status.  *See* 8 C.F.R. § 1003.3(a) ("The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**