
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIO ALEXANDER BERNABE
LORENZO,

          Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

          Respondent.

No.   20-70235

Agency No. A206-448-521

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2021[**]
San Francisco, California

Before: McKEOWN and IKUTA, Circuit Judges, and ERICKSEN,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Joan N. Ericksen, United States District Judge for the
District of Minnesota, sitting by designation.

Mario Alexander Bernabe Lorenzo, a native and citizen of Guatemala, seeks review of a decision of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) to deny Lorenzo's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

Substantial evidence supports the agency's determination that Lorenzo could relocate safely and reasonably to Huehuetenango, which defeats Lorenzo's applications for asylum and withholding of removal. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.13(b)(1), (3) (2019); 8 C.F.R. § 1208.16(b)(1), (3) (2019); *see Singh v. Whitaker*, 914 F.3d 654, 659, 661 n.2 (9th Cir. 2019). Lorenzo had previously relocated to Huehuetenango, where he resided for 20 months without harm from any security committee or other persecutor, completed Spanish-language high school, and secured employment despite discrimination suffered due to his Mam Mayan ethnicity. The record does not support Lorenzo's contention that the local security committees coordinate their activities nationwide. Therefore, the government overcame the presumption of a well-founded fear of future persecution and the unreasonableness of relocation.

Because Lorenzo could safely relocate to Huehuetenango, substantial evidence also supports the agency's determination that Lorenzo failed to establish that it was more likely than not that he would be tortured upon his return to Guatemala. 8 C.F.R. § 1208.16(c)(2)–(3) (2019); *cf. Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1186 (9th Cir. 2020).

Contrary to Lorenzo's argument, the record demonstrates the IJ's consideration of record evidence regarding government involvement with local security committees and Guatemala's country conditions. Therefore, Lorenzo fails to overcome the presumption that the agency reviewed all evidence of record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (presumption for the BIA); *Fakhry v. Mukasey*, 524 F.3d 1057, 1066 n.12 (9th Cir. 2008) (presumption for the IJ).

**PETITION DENIED.**