**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA WINEFRED FOLCHI GODOY, | Nos. 16-73869<br>19-70466 |
| Petitioner, | |
| v. | Agency No. A035-231-920 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021[**]

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Sandra Winefred Folchi Godoy, a native and citizen of Chile, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen removal proceedings (petition No. 16-73869), and the BIA's order denying

her motion to reconsider (petition No. 19-70466).  We have jurisdiction under 8

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or to reconsider, and we review de novo questions of law. *Toor v. Lynch*, 789 F.3d 1055, 1059 (9th Cir. 2015). We deny the petitions for review.

As to petition No. 16-73869, the BIA did not abuse its discretion in denying Godoy's motion to reopen based on ineffective assistance of counsel where she failed to establish prejudice from the allegedly deficient performance of her former attorneys. *See Iturribarria v. INS*, 321 F.3d 889, 901 (9th Cir. 2003) ("We cannot grant [the] petition, however, unless [petitioner] can demonstrate that [counsel's] allegedly deficient representation prejudiced his case."). Godoy's contentions that the BIA failed to consider evidence or otherwise erred in its analysis fail as unsupported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

In light of this disposition, we do not reach Godoy's remaining contentions regarding her motion to reopen. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

As to petition No. 19-70466, the BIA did not abuse its discretion in denying Godoy's motion to reconsider and terminate where her contention that the

immigration court lacked jurisdiction over her proceedings is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("[T]he lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case.").

As stated in the court's May 18, 2017, and March 29, 2019 orders, the temporary stay of removal remains in place until issuance of the mandate.

**NO. 16-73869: PETITION FOR REVIEW DENIED.**

**NO. 19-70466: PETITION FOR REVIEW DENIED.**