**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAI LE HUANG, | No.   20-71704 |
| Petitioner, | Agency No. A078-539-172 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Hai Le Huang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen.  *Mohammed v. Gonzales*, 400

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 785, 791 (9th Cir. 2005). We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We deny the petition for review.

The BIA did not abuse its discretion in denying Huang's fourth motion to reopen as untimely and number barred, where the motion was filed more than 17 years after the final order of removal, and where Huang failed to demonstrate a material change in country conditions in China to qualify for the regulatory exception to the time limitation for filing a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2), (3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (BIA did not abuse its discretion in denying motion to reopen where petitioner failed to submit material evidence of qualitatively different country conditions). We do not consider the materials Huang references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Huang's contentions that the agency ignored evidence or otherwise erred in its analysis of her claims fail. *See Najmabadi*, 597 F.3d at 990 (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

**PETITION FOR REVIEW DENIED.**