NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIZABETH GONZALEZ-MARCIEL, | No. 21-70996 |
| Petitioner, | Agency No. A202-010-773 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022[**]
Pasadena, California

Before: FRIEDLAND and KOH, Circuit Judges, and KORMAN,[***] District
Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Jonathon Gonzalez-Marciel ("Gonzalez-Marciel"),[1] a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") declining to reopen his case under the BIA's *sua sponte* authority. We "ordinarily lack jurisdiction to review a [BIA] decision denying *sua sponte* reopening." *Bonilla v. Lynch*, 840 F.3d 575, 585–86 (9th Cir. 2016). We have jurisdiction to review decisions denying *sua sponte* reopening only "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error," *id.* at 588, so long as there is "'law to apply' in doing so," *id.* at 587.

In the instant case, Gonzalez-Marciel has not shown that there is any law to apply to any legal or constitutional error in the BIA's decision denying *sua sponte* reopening. The BIA based its decision not upon a legal or constitutional error, but upon an exercise of its own discretion. The BIA, in declining to reopen Gonzalez-Marciel's case, explained that the case was "not the type of case suitable for sua sponte reopening." The BIA also cited *In re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997), and *In re G-D-*, 22 I. & N. Dec. 1132, 1134 (BIA 1999), which are two BIA decisions establishing that the BIA should only *sua sponte* reopen a case in truly exceptional situations. We have held that when the BIA bases its decision not to *sua sponte* reopen a case on a finding that the case does not present a "truly

---

[1] Petitioner is a transgender man who identifies himself as Jonathon, and employs masculine pronouns when referring to himself. His preference is reflected in this memorandum disposition.

exceptional" situation, we lack jurisdiction to review the BIA's decision. *Bonilla*, 840 F.3d at 585–86.

Furthermore, Gonzalez-Marciel's argument that the BIA's failure to examine his evidence constituted legal error is unsubstantiated in the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (describing presumption that the BIA reads the entire record when deciding a motion to reopen and explaining that the burden is on the petitioner to overcome that presumption).

Because we have jurisdiction to review decisions denying *sua sponte* reopening only so long as there is "'law to apply' in doing so," *Bonilla,* 840 F.3d at 587, and because there is no "law to apply" in this case, we lack jurisdiction to review Gonzalez-Marciel's petition for review.

**PETITION DISMISSED.**