**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

APR 18 2022

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOLANDA LOPEZ-MORALES, AKA Yolanda Hernadez Lopez, | No. 19-72964 |
| Petitioner, | Agency No. A077-322-739 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]

Before:     McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Yolanda Lopez-Morales, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).  Accordingly, Lopez-
Morales's request for oral argument, set forth in the opening brief, is denied.

abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We review de novo questions of law and claims of due process violations in immigration proceedings. *Lopez-Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir. 2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Lopez-Morales's motion to reopen to assess her eligibility for cancellation of removal on the ground that she failed to establish prima facie eligibility. *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (providing that a motion to reopen will not be granted absent a showing of prima facie eligibility for relief based on demonstrating a reasonable likelihood that the statutory requirements for relief have been satisfied); *see also Fernandez v. Gonzales*, 439 F.3d 592, 602 (9th Cir. 2006) ("[W]e have jurisdiction over motions to reopen regarding cases in which . . . the agency has not made a prior discretionary determination concerning the relief sought").

Lopez-Morales's contentions that the BIA ignored evidence, erred in its legal analysis, and violated her right to due process fail. *See Najmabadi*, 597 F.3d at 990 (concluding the agency adequately considered evidence and sufficiently announced its decision); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Lopez-Morales's contention that there was legal error in the BIA's determination not to reopen proceedings sua sponte fails. *See Lona v. Barr*, 958

F.3d 1225, 1234 (9th Cir. 2020) (concluding the BIA's denial of sua sponte relief was not premised on legal or constitutional error); *see also Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**