**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCELINO TORRES-JIMENEZ<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 20-73200<br><br>Agency No. A075-471-354<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2023**
Seattle, Washington

Before: NGUYEN and HURWITZ, Circuit Judges, and GUTIERREZ,*** Chief District Judge.

Marcelino Torres-Jimenez, a native and citizen of Mexico and lawful permanent resident since 1998, was placed in removal proceedings following a 2015

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Philip S. Gutierrez, Chief United States District Judge for the Central District of California, sitting by designation.

conviction for possession of methamphetamine and heroin and subsequently applied for cancellation of removal under 8 U.S.C. § 1229b. Torres-Jimenez seeks review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an order of an Immigration Judge ("IJ") denying cancellation of removal. Torres-Jimenez argues that the BIA erred in denying his motion to remand to the IJ to present new evidence of hardship to his wife and daughter that would result from his removal.

This Court lacks jurisdiction to review "any judgment" regarding the denial of an application for cancellation of removal, 8 U.S.C. § 1252(a)(2)(B)(i), or "any final order of removal" against a noncitizen convicted of certain crimes, *id.* § 1252(a)(2)(C), unless a petition for review poses "constitutional claims or questions of law," *id.* § 1252(a)(2)(D). Because Torres-Jimenez fails to raise a colorable constitutional or legal claim, we dismiss the petition for review.

The BIA did not violate Torres-Jimenez's due process rights in denying his motion to remand. First, to the extent Torres-Jimenez now claims that he had additional evidence of hardship to present on remand, then he needed to present that evidence to the BIA along with his motion and did not do so. *See Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005). Second, the BIA applied the correct legal standard and properly considered the evidence before it when denying Torres-Jimenez's motion. On appeal, Torres-Jimenez proffered new evidence showing only

that his wife and daughter were lawful permanent residents and that they lived with him. The BIA assumed that Torres-Jimenez testified credibly and that the new evidence was accurate. Nonetheless, it found that the negative factors—such as the length and severity of Torres-Jimenez's criminal record—outweighed the positive factors, and denied cancellation of removal in the exercise of its discretion. The BIA did not violate Torres-Jimenez's due process rights, and § 1252(a)(2)(B)(i) otherwise "precludes our visiting the merits." *Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir. 2006).

**PETITION DISMISSED.**