**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE LUIS APARICIO-REYES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-341

Agency No.
A209-138-767

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023[**]

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Jose Luis Aparicio-Reyes, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C.

§ 1252.  We review de novo questions of law.  *Mohammed v. Gonzales*, 400 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

785, 791-92 (9th Cir. 2005). We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA denied on discretionary grounds Aparicio-Reyes's motion to reopen to reapply for cancellation of removal. *See id.* (BIA may deny motion to reopen on ground that even if eligibility factors were satisfied, "the movant would not be entitled to the discretionary grant of relief which he sought" (internal citation omitted)). Our jurisdiction is thus limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D). To the extent we can consider Aparicio-Reyes's contention that the BIA erred by not considering his positive equities, we conclude that the BIA's analysis was adequate. *See Najmabadi*, 597 F.3d at 990 (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome presumption that BIA reviewed the record). Thus, the BIA did not abuse its discretion in denying the motion.

Because the denial as a matter of discretion is dispositive, we need not reach Aparicio-Reyes's remaining contentions regarding hardship. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Our jurisdiction to review the BIA's discretionary decision not to reopen

proceedings sua sponte is limited to contentions of legal or constitutional error. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020). We find no legal or constitutional error on the face of the BIA's decision.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

21-341